IN THE FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

Christedene Edouard, Chika Anueyiagu, Felisa Asillo, Marie Nicole Bellanton, Marie B. Blanc, St. Jean Gertilus, Kevin Hallen, Lavern Hallen, Yolande R. LaGuerre, Joel Marseille, Marie C. Marseille, Alfredo St. Surin, and Anne R. St. Surin,

Plaintiffs,

v.

Fernand Jean-Baptiste, Ferdinand Land Development and Investment, LLC, Gabrielle Alexis, Law Offices of Gabrielle Alexis, P.A., Evenette Mondesir, Diane M. Downs, Diane M. Downs, P.A., Mondesir & Alexis Title Services, Inc., Dupuy Joseph, and Bibianne Joseph Seraphin,

Defendants.

TEMPORARY CASE NO. 10-tc-5000

CV510- 063

### COMPLAINT FOR DECEIT, THEFT, UNLAWFUL CONVERSION, DEPRIVATION OF POSSESSION OF PERSONALTY, RICO ACTIVITY, UNJUST ENRICHMENT, PROFESSIONAL MALPRACTICE, GROSS NEGLIGENCE IN PERFORMANCE OF FIDUCIARY DUTIES, AND, IN THE ALTERNATIVE, BREACH OF CONTRACT.

COME NOW Plaintiffs in the above entitled action, and request this honorable Court to find that Defendants committed deceit, theft, unlawful conversion, deprivation of possession of personalty, and engagement in a pattern of racketeering activity, unjust enrichment, professional malpractice, malfeasance, or at least gross negligence in performance of fiduciary duties, and, in the alternative, breach of contract against Plaintiffs as described below, and to award Plaintiffs all available damages under the law and other just and equitable remedies as the Court sees fit.

Statement of Facts

1. Upon Plaintiffs' counsel's information and belief, on at least two occasions, one in

1

December of 2006 and another in June of 2007, the Plaintiffs, all residents of the state of New York, were approached in New York by Defendant Fernand Jean-Baptiste, a principal of Defendant Ferdinand Land Development and Investment, LLC, then a Georgia Limited Liability Company (since dissolved) located in Gainesville, Georgia, with offers to purchase land lots in Ware County, Georgia.

2. The facts of this case further indicate that Defendant Gabrielle Alexis, sister of Jean-Baptiste, was involved as a closing attorney and escrow agent for the resulting putative land sale transactions. Defendant Alexis' firm at the time was called Mondesir & Alexis Title Services, Inc., and the current name of her law firm is believed to be the Law Offices of Gabrielle Alexis, P.A.; her then associates were Evenette Mondesir and Diane M. Downs. Defendant Downs' current law firm is believed to be named Diane M. Downs, P.A. These women are believed to have been fully aware of and active in these alleged activities and are therefore listed as co-defendants in this case. According to the Florida Bar Web site, Alexis is currently authorized to practice law in the State of Florida.

3. At the time the Plaintiffs signed their respective contracts, the land in Ware County had not been properly subdivided and there were no lots of record. Selling unidentified lots is in violation, at least, of 15 U.S.C. § 1703, respecting the sale of lots without proper descriptions. The Plaintiffs allege that Alexis and her associates, Defendants Evenette Mondesir and Diane Downs, Defendant Jean-Baptiste (Alexis' brother) and his associates Defendants Dupuy Joseph and Bibianne Seraphin, had knowledge of this, and still sent the documents purporting to convey the non-existent lots to the Plaintiffs.

4. Taking money from a person through such deception is a violation of O.C.G.A. § 16-8-3. This is defined as a racketeering activity under Georgia RICO Act O.C.G.A. § 16-14-1, specifically O.C.G.A. § 16-14-3(9)(A)(ix). Any one such person or group of individuals is defined as an "enterprise" under O.G.C.A. § 16-14-3(6). Plaintiffs allege that this enterprise engaged a pattern (at least two) of such activities as defined at O.C.G.A. § 16-14-3(8)(A), and therefore violated the Georgia RICO Act under O.C.G.A. § 16-14-4(a), (b) and (c). Under O.C.G.A. § 16-14-6(c), a civil plaintiff may recover treble actual damages and, where appropriate, punitive damages for RICO violations.

5. The Defendants are herein also alleged to have committed tortious fraud under O.C.G.A. § 51-6-1 against the Plaintiffs: "To recover in tort for fraud, the plaintiff must prove five essential elements: (1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." Backote v. Wycoff et al.,

251 Ga. 862, 865 (1984). It is clear under these facts that the Defendants (1) made representations that the lots existed; (2) that at the time they knew they did not exist; (3) that they made them with the intention and purpose of deceiving the Plaintiffs as described above; (4) that the Plaintiffs relied on the representations as demonstrated by their signing purchase and sale agreements and purported deeds; and (5) that the Plaintiffs sustained the alleged loss and damage of substantial sums of money as the proximate result of the false representations having been made.

6. Plaintiffs further allege that Defendant Alexis and her law firm and associates committed professional malpractice under Rule 5-1.1(b) (Misapplication of trust funds) of the Rules Relating to the Florida Bar (the state in which they are licensed to practice law) and, under Georgia law, were, at least, grossly negligent in failing to perform their fiduciary duties in organizing, and preparing conveyance documents for, lots that did not exist. O.C.G.A. § 51-1-4. Recovery of damages for such breach of duty is provided under O.C.G.A. § 51-1-6.

7. Most, if not all, of the closing documents were signed by Defendant Joseph on behalf of Defendant Ferdinand Land Development and Investment, LLC. Defendant Bibianne Joseph Seraphin, along with Defendants Jean-Baptiste and Joseph, was an Organizer of Ferdinand Land Development and Investment, LLC, is believed to be related to Joseph and Jean-Baptiste, is believed to have been fully involved in the alleged activities, and is therefore listed as a co-defendant in this case. Defendants Joseph and Jean-Baptiste, therefore, deceived the Plaintiffs into believing that the lots they were being offered existed. Once Defendant Alexis received these documents (many of which she herself notarized) she sent them to each and every Plaintiff for their execution.

8. At the time the Plaintiffs executed the documents, they also delivered to Alexis or Jean-Baptiste the monies necessary (see Exhibits A - I, from each Plaintiff) to close and pay in full the transactions as indicated on the settlement statements provided to the Plaintiffs by Alexis. Defendants Alexis, Jean-Baptiste, and their associates thereby completed the criminal offense of theft by deceit under O.C.G.A. § 16-8-3.

9. At some time after Alexis and her brother Jean-Baptiste received the monies paid by the Plaintiffs, the entire parcel of unsubdivided land in Ware County involved in these purported transactions became subject to lender foreclosure. It was Defendant Alexis who bought the property out of foreclosure. During these events, Defendant Alexis represented to the Plaintiffs in writing (see Exhibit J, a sample of one such) that the delay in getting their recorded deeds back was the result of a problem with the Ware County Superior Court. Defendant Alexis is therefore alleged to have again deceived the Plaintiffs, committed legal malpractice and malfeasance, and was grossly negligent in performance of her fiduciary duties.

3

10. The Plaintiffs began to suspect something was wrong and contacted Plaintiffs' counsel on July 28, 2008. On September 8, 2008, Plaintiffs' counsel determined that none of the Plaintiffs had obtained legal title to land in Georgia, and that in fact no deeds in their behalf had been executed, let alone filed, from the transactions at issue. Yet at about that same time, Defendant Alexis sent the Plaintiffs another deceitful letter. (See Exhibit K, a sample of one such.) representing that the putative problem with the Superior Court of Ware County had been cleared up and they should receive their deeds shortly. Needless to say, the Plaintiffs at this point had lost confidence in their transactions and rescinded the putative contracts as void due to the fact that the lots they contracted for did not exist of record at the time the contracts were executed.

11. Defendant Alexis was contacted on several occasions to seek the return of the monies paid by the Plaintiffs. She admitted that the money was not in an escrow account and had been spent, in violation of Florida Rule 5-1.1(b), supra, but did not include an answer as to where the Plaintiffs money had gone. In light of the above facts, there is a strong possibility that Defendant Alexis used the Plaintiffs' monies to buy the land out of foreclosure. Accordingly, Plaintiffs allege that Defendant Alexis, her law firm and her then-associates Mondesir and Downs, further committed criminal theft by deception and conversion (See O.G.C.A. §§ 16-8-3 and 16-8-4, respectively) which are therefore actionable and recoverable as torts under O.C.G.A. § 51-1-6.

12. Their deprivation of Plaintiffs' possession of personalty (in this case cash) is also actionable as a tort under O.C.G.A. § 51-10-1.

Statement of Jurisdiction and Venue

13. The Federal District Courts have diversity jurisdiction over defendants who are citizens of more than one state and in which the amount in controversy (see below) is more than $75,000. 28 USC § 1332(a)(1). Venue is proper in such cases in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 USC § 1391(a)(2). As noted above, all of the land at issue is located in the Southern District of Georgia.

Statement of Venue

14. Venue is proper in the Waycross Division of the Southern District of Georgia

because "a substantial part of the events or omissions complained of occurred in this district and no defendant is a resident of this district," in which case, "the action shall be brought in the division containing the county [Ware] in which a substantial part of the events or omissions occurred." S.D. Ga. L.R. 2.1(c).

Statement of Claims

15. Plaintiffs further claim that Defendants were, at least, grossly negligent in performance of fiduciary duties under O.C.G.A. § 51-1-4, and were in violation of other torts and criminal activities recoverable as tort damages as otherwise specified under the foregoing facts.

16. Plaintiffs claim that certain cash payments they made to Defendants in late 2006 and early 2007 (see Exhibits A - I, from each Plaintiff) for the purchase of real estate in Ware County, Georgia, were converted by the Defendants Jean-Baptiste and Alexis, at least, to their own use. Late in 2008, Plaintiffs' counsel verified that the cash was no longer in escrow and that in fact no deeds had been recorded. This is actionable, at least, as the tort of breach of legal duty under O.C.G.A. § 51-1-6, and as tortious deprivation of possession of personalty under O.C.G.A. § 51-10-1. All misappropriated funds and other compensatory damages are also recoverable under a theory of unjust enrichment.

17. Plaintiffs further claim that Defendants Jean-Baptiste, Alexis, and Joseph, willfully, recklessly, or at least grossly negligently, misrepresented or failed to represent material facts, namely, that Plaintiffs were buying parcels of land, which Defendants knew, or should have known, to be non-existent, thus inducing Plaintiffs to act to their injury. This is actionable as, at least, tortious fraud and deceit under O.C.G.A. §§ 51-6-1 and 51-6-2, respectively.

18. Defendants are also in breach, under O.C.G.A. § 44-12-21, of all legally-binding property contracts that were formed in the course of these activities.

19. **WHEREFORE, Plaintiffs pray for the following relief:**

(a) That summons issue and be served upon Defendants;
(b) For a trial by jury;
(c) That the Plaintiffs be awarded an appropriate sum to compensate them for their damages as allowed by law, at least in the amount of $806,000 in compensatory damages;
(d) That the Plaintiffs recover punitive damages in an amount sufficient to

5

punish and deter Defendants;

(e) That the Plaintiffs recover attorney's fees and all costs of litigation; and

(f) For such other and further relief as the Court deems just and proper.

Respectfully submitted this ___ day of July, 2010.

JONATHAN RIGDON SMITH, J.D., PC

BY:   s/Jonathan R. Smith

Jonathan R. Smith

ATTORNEY FOR PLAINTIFFS
Ga. State Bar No. 365655
Fla. State Bar No. 57311
1612 Union Street
Brunswick, Georgia 31520-6733
Tel.: 912.261.1202
Fax: 912.261.8489